IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JABRIL HASSAN GARNER, #Y32973,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WEXFORD HEALTH SOURCES, INC.,** )<br>**DR. SIDDIQUI,** )<br>**ANGIE CRAIN,** )<br>**FRANK LAWRENCE, and** )<br>**ANTHONY WILLS,** *Warden of Menard* )<br>*Correctional Center*, )<br>)<br>**Defendants.** ) | Case No. 3:21-cv-00098-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jabril Hassan Garner, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He asserts violations of the Eighth Amendment and seeks injunctive relief and monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff hit his eye on a piece of metal in the gym in June 2019. He had a knot above his eye and sharp pain and a burning sensation in his eye. Plaintiff advised Angie Crain, the Health Care Unit Administrator,

and Dr. Siddiqui of the injury and they did nothing for him. He wrote to Warden Frank Lawrence but he did nothing. Wexford Health Sources, Inc. did nothing. Plaintiff wrote multiple grievances on the matter, which were reviewed by Warden Lawrence, but nothing was done. He is still suffering from headaches, feeling light-headed, and eye problems.

Based on the allegations in the Complaint, the Court designates the following claim:

Count 1: Eighth Amendment claim against Crain, Siddiqui, Lawrence, and Wexford for deliberate indifference to Plaintiff's serious medical needs by failing to provide, or ensuring that he received, medical treatment for his eye injury.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Prison officials and medical staff violate the Eight Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient to proceed on the deliberate indifference claim in Count 1 against Crain, Dr. Siddiqui, and Lawrence. However, the allegations do not

indicate or suggest that Wexford maintains a policy or practice that caused a violation of Plaintiff's constitutional rights. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). Therefore, Plaintiff fails to state a viable claim against Wexford and it will be dismissed.

### Injunctive Relief

Because the Complaint includes a request for injunctive relief, Anthony Wills, the current Warden of Menard Correctional Center, in his official capacity, will be added as a Defendant. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Disposition

The Complaint (Doc. 12) states a colorable claim in **COUNT 1** against **ANGIE CRAIN, DR. SIDDIQUI,** and **FRANK LAWRENCE** but not against Wexford Health Sources, Inc. Accordingly, **WEXFORD HEALTH SOURCES, INC.** is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to **TERMINATE** it as a defendant. Additionally, the Clerk is **DIRECTED** to **ADD ANTHONY WILLS, in his official capacity as the Warden of Menard Correctional Center**, as a defendant for purposes of Plaintiff's request for injunctive relief.

The Clerk of Court shall prepare for **ANGIE CRAIN, DR. SIDDIQUI, FRANK LAWRENCE,** and **ANTHONY WILLS, Warden of Menard Correctional Center (official capacity only)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of

employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: April 12, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, the Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**